UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MANDI J. FRIEND, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13-5054-CV-SW-ODS ) |
| AEGIS COMMUNICATIONS GROUP, LLC, | ) ) |
| Defendant. | ) |

### **DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S PETITION**

COMES NOW Defendant Aegis Communications Group, LLC ("ACG"), and for its Motion to Dismiss Count III of Plaintiff Mandi J. Friend's ("Plaintiff") Petition pursuant to Fed.R.Civ.P. 12(b)(6), states as follows:

1. Count III of Plaintiff's Petition fails to state a cause of action for human trafficking pursuant to 18 U.S.C. §§ 1589; 1595.

2. Section 1589, entitled "Forced Labor," makes it a crime to knowingly provide or obtain labor or services by means or threats of force, physical restraint, serious harm, abuse of legal process, or by causing a person to believe that if they did not perform labor serious harm or physical restraint would result. *See* 18 U.S.C. § 1589(a)(1)-(4).

3. The statute defines "serious harm" as,

> any harm . . . that is sufficiently serious . . . to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

18 U.S.C. § 1589(c).

4. Section 1595(a) authorizes a victim of criminal forced labor to bring a civil action against a perpetrator or knowing beneficiary. *See* 18 U.S.C. § 1595(a).

5. Plaintiff alleges only that ACG was not candid in its representation about a study abroad program in India, that she was forced to work or be terminated, that if she stopped working she would lose her job in Joplin and be responsible for the costs of the trip, that she could not afford the trip, and that she could not support herself if she returned to Joplin unemployed. Petition at ¶¶ 99-103. Thus, Plaintiff concludes, a reasonable person in her circumstances would have felt compelled to continue to work in order to avoid physical, psychological, and/ or financial harm. Id. at ¶104.

6. Count III of Plaintiff's Petition is facially deficient for the following reasons, as more fully set forth in ACG's Suggestions in Support of this Motion, which ACG incorporates as if fully set forth herein:

   a. Plaintiff nowhere alleges that ACG knowingly obtained her labor by improper means;

   b. Plaintiff failed to plead any facts that show that she was a "victim of a violation," such as would entitle her to bring a civil action for trafficking under 18 U.S.C. §1595; and

   c. None of Plaintiff's allegations amounts to coercion, which is a required element under the statute. See U.S. v. Peterson, 627 F.Supp.2d 1359, 1371 (M.D.Ga.2008) ("analysis of the overall statutory scheme demonstrates that coercion is a requirement.").

7. Therefore, Plaintiff's Petition fails to state a claim for forced labor pursuant to 18 U.S.C. §§ 1589 and 1595, and the Court should dismiss Count III of Plaintiff's Petition with prejudice.

WHEREFORE, Defendant Aegis Communications Group, LLC, prays the Court for an order granting its Motion to Dismiss Count III of Plaintiff's Petition with prejudice, and for such other and further relief as the Court deems just and proper.

ARMSTRONG TEASDALE LLP

By: */s/ Jeremy M. Brenner*
Robert A. Kaiser #31410MO
Jeremy M. Brenner #63727MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
rkaiser@armstrongteasdale.com
jbrenner@armstrongteasdale.com
ATTORNEYS FOR DEFENDANT
AEGIS COMMUNICATIONS
GROUP, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2013, the foregoing was filed electronically with the Clerk of the Court and will be served by e-mail and U.S. Mail, postage prepaid, upon the following:

Anne Schiavone
Matt O'Laughlin
Kelly McCambridge
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
aschiavone@hslawllc.com
molaughlin@hslawllc.com
kmccambridge@hslawllc.com

*/s/ Jeremy M. Brenner*