IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MANDI FRIEND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-5054-CV-SW-ODS |
| ) | |
| AEGIS COMMUNICATIONS ) | |
| GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

## **PROTECTIVE ORDER**

The parties' Joint Motion for Entry of Stipulated Protective Order (Doc. # 19) is granted. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below with respect to information, documents or things produced in this litigation.

1. In the course of discovery, the Parties will produce to one another certain information and documents that will include confidential and proprietary information, the unprotected disclosure of which would have an adverse and detrimental impact on the legitimate business interests of the disclosing party. The confidential information at issue may include, but is not limited to, confidential financial, educational, or medical information, business plans, personnel files, vendor information, and customer information. A party disclosing any such information that the party believes to be confidential may designate it as "Confidential" (hereinafter "Confidential Information"). The Parties agree that the following limitations on the disclosure of such information should be imposed.

2. Documents, discovery responses, and other materials designated as Confidential Information shall be subject to the provisions of this Protective Order. To the extent that all or any portion of testimony or transcripts of depositions incorporate any Confidential Information of a party, the portions of such testimony or transcript containing the Confidential Information shall be treated as Confidential under the terms of this Protective Order so long as the party seeking protection of the relevant portion of

deposition testimony has in good faith designated the testimony as confidential during the deposition in question or designated the relevant portion of the transcript confidential within thirty (30) days of receiving a copy of the transcript by specifically communicating such designation to opposing counsel in writing.

3. All copies of documents, discovery responses or other materials produced and designated as Confidential Information shall have clearly stamped thereon "Confidential" in a place or manner that avoids any interference with the legibility of the material. Each page of every document, discovery response, or other material deemed Confidential Information must bear the legend "Confidential" in order to secure the protections of this Protective Order. However, with respect to portions of deposition transcripts in this matter containing Confidential Information, the party seeking protection of that information shall not be required to mark such pages "Confidential" but must instead comply with the requirements of Paragraphs 1 or 2, above.

4. Documents, discovery responses, and materials designated as Confidential Information and so stamped pursuant to Paragraphs 1-3, above, and the information contained therein, and any portions of depositions designated as Confidential Information pursuant to Paragraphs 2 or 3, above, shall be used only in connection with the prosecution or defense of this litigation (captioned above; hereinafter, "Litigation") and may be disclosed only as follows:

    a. Confidential Information may be disclosed to an individual Party and those employees or agents of the Parties who are actively involved in the prosecution or defense of this Litigation and who are provided a copy of this Protective Order and made aware that they are prevented from publicly disseminating this information and are required to maintain its confidentiality, and agree to be bound by the terms and provisions of this Protective Order.

    b. Confidential Information may be disclosed to counsel for the Parties including such paralegal, secretarial, or clerical staff (including shorthand reporters) as are participating or assisting such counsel. By their signatures set forth below, counsel for the Parties have agreed to maintain and protect the confidential nature of this information and to use it only for purposes of the prosecution or defense of this Litigation. Counsel further accepts, by their

signatures below, the responsibility for their staff complying with this Protective Order.

  c. Confidential Information may also be disclosed to independent experts specifically retained for the purposes of this Litigation and only to the extent that such expert reasonably requires access to the Confidential Information. Before disclosure of the Confidential Information, such experts will be provided a copy of this Protective Order and made aware that they are prevented from publicly disseminating this information and are required to maintain its confidentiality, and shall agree to be bound by the terms and provisions of this Protective Order. Experts receiving access to the Confidential Information shall destroy all such information and any notes made therefrom at the conclusion of this Litigation and certify that such destruction has taken place as provided in Paragraph 16, below.

  d. Confidential Information may be disclosed to the extent permitted pursuant to Paragraphs 5 and 6, below.

  e. Confidential Information may also be disclosed to a mediator or other designated neutral performing services in this matter.

5. Confidential Information may be used or elicited in party depositions and in the preparation of non-party witnesses for depositions provided such witnesses had access to or had already received such Confidential Information, and provided further such deposition witness is provided a copy of this Protective Order and made aware that they are prevented from publicly disseminating this information and are required to maintain its confidentiality, and agrees on the record to preserve the confidentiality of such information and not to use any such information for any purpose except for this Litigation. All non-party witnesses shall agree to be bound by the terms and provisions of this Protective Order.

6. All Confidential Information filed as exhibits to any brief, memorandum, pleading, or at a hearing or trial of this matter, and all depositions filed with the Court in which Confidential Information is disclosed or discussed, by way of testimony, exhibits, or otherwise, shall be filed with the Court under seal and shall be marked with the following legend: "CONFIDENTIAL." This provision, however, is subject to the guidance

and direction of the Court, and may be modified only by the Court in this matter.

7. In the event a party contends that the information and documents produced pursuant to this Protective Order should not have the limitations on disclosure contained herein, then the Parties may so agree in writing, or, if the Parties cannot reach agreement, the party challenging the designation may apply to the Court for a ruling concerning whether said designation is proper. The disputed documents designated as "Confidential" shall remain treated as such pending the Court's ruling. The producing party bears the burden of proving that the documents in dispute are entitled to the protection accorded by this Protective Order and Rule 26(c) of the Federal Rules of Civil Procedure.

8. By stipulating to entry of this Protective Order, the Parties do not stipulate that any documents or information designated as Confidential Information by an opposing party is, in fact, confidential in nature.

9. Nothing in this Protective Order shall be deemed or construed to be a waiver by either party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, at the trial of this matter.

10. The inadvertent failure to designate any information as Confidential Information will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as Confidential Information at a later date in writing and with particularity. The information shall be treated by the receiving party as Confidential Information from the time the receiving party is notified in writing of the change in the designation.

11. Documents, discovery responses, or materials designated as Confidential Information may be copied or otherwise reproduced without the permission of the producing party or an Order of the Court by persons entitled to receive such information pursuant to Paragraph 4 of this Protective Order, provided that the use of such copies is restricted in accordance with this Protective Order. All copies so made shall be deemed Confidential Information, as applicable, under the terms of this Protective Order and shall be destroyed at the termination of this Litigation as provided in Paragraph 15, below.

12. The Parties and their counsel shall take reasonable precautions to prevent

unauthorized disclosure of Confidential Information.

14. This Protective Order has no effect upon, and its scope shall not extend to, the producing party's use of its own Confidential Information.

14. If any party wishes to modify this Protective Order, the parties shall first request such modification from each other, and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this lawsuit. Modification of this Protective Order after termination of this lawsuit, by judgment, settlement, or otherwise, shall not be permitted. Until modification is granted by agreement or order, the terms of this Protective Order will govern.

15. After termination of this Litigation, whether by trial, appeal, settlement, or otherwise, the provisions of this Protective Order with respect to the dissemination of Confidential Information shall continue to be binding. All copies of such information received by opposing counsel, including all notes with respect to such information, shall be destroyed at the termination of this Litigation and opposing counsel shall certify in writing to counsel for the other party that such documents have been destroyed. Such written confirmation of the destruction of the Confidential Information shall be made within sixty (60) days of the effective date of a release or settlement agreement or within sixty (60) days after the last right to appeal has expired. It is stipulated and agreed that the Court shall retain jurisdiction over the Parties and recipients of Confidential Information for enforcement of the provisions of this Protective Order following termination of this Litigation. Notwithstanding these requirements, counsel for the Parties may maintain a complete copy of the litigation file, including Confidential Information, solely for the purposes of defending a legal action relating to the representation of their respective clients, should such a claim ever arise. The documents designated as Confidential Information cannot be used for any other purpose.

16. This Protective Order shall be binding upon the Parties hereto, their successors, representatives and assigns, as well as all counsel for the Parties hereto, and their paralegals and office employees.

17. This Protective Order shall also be binding upon any person or entity from whom discovery may be sought and who desires protections for the discovery sought.

Thus, any non-party requested or required to produce or disclose documents, things or information, or to provide testimony in this proceeding, through subpoena or otherwise, may designate such documents, things or information or testimony as Confidential Information under the terms of this Protective Order. Third-party discovery designated as Confidential Information under this Protective Order shall be treated by the Parties in accordance with the provisions of this Protective Order as if such documents, things, information, or testimony were produced or provided by a party to this action.

IT IS SO ORDERED.

DATE: July 12, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT