UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MANDI J. FRIEND  )  <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AEGIS COMMUNICATIONS GROUP, LLC ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:13-CV-5054-ODS |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Aegis Communications Group, LLC ("ACG"), by and through counsel, and for its Answer to Plaintiff Mandi J. Friend's ("Plaintiff") First Amended Complaint, states as follows:

## STATEMENT OF THE CASE

Plaintiff's "Statement of the Case" does not conform to the Federal Rules of Civil Procedure and as such, does not require an answer. To the extent an answer is required, ACG denies the allegations in Plaintiff's "Statement of the Case."

## PARTIES

1. ACG is without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's First Amended Complaint, and therefore, denies the same.

2. ACG denies the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

3. ACG admits the allegations in Paragraph 3 of Plaintiff's First Amended Complaint.

4. ACG denies the allegations in Paragraph 4 of Plaintiff's First Amended

Complaint, and additionally pleads that whether individuals were "agents" or were "acting within the scope and course of their agency and employment" calls for legal conclusions which do not require a response. To the extent a response is required, ACG denies these allegations. ACG denies all remaining allegations in Paragraph 4 of Plaintiff's First Amended Complaint not expressly admitted herein.

## JURISDICTION AND VENUE

5. ACG admits the allegations in Paragraph 5 of Plaintiff's First Amended Complaint.

6. ACG admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. ACG is without sufficient information to form a belief as to what is meant by "substantial" federal question, and therefore, denies all allegations related to the same.

7. ACG denies the allegations in Paragraph 7 of Plaintiff's First Amended Complaint.

8. ACG admits that it is subject to the personal jurisdiction of this Court. ACG denies all remaining allegations in Paragraph 8 of Plaintiff's First Amended Complaint.

## FACTS COMMON TO ALL COUNTS

*While in the United States:*

9. ACG admits that Plaintiff worked at its call center in Joplin, MO. ACG admits that Plaintiff began employment in September, 2008. ACG denies all remaining allegations in Paragraph 9 of Plaintiff's First Amended Complaint not expressly admitted herein.

10. ACG is without sufficient information to admit or deny what Plaintiff noticed, and therefore, denies the same.

11. ACG admits that Debra Zismer told Plaintiff and other employees about an

opportunity to apply for an educational program. ACG denies all remaining allegations in Paragraph 11 of Plaintiff's First Amended Complaint not expressly admitted herein.

12. ACG admits that Debra Zismer told Plaintiff about an opportunity to apply for enrollment in a one-year study abroad program with Aegis Global Academy.

13. ACG admits that Aegis Global Academy is located in Coimbatore, India.

14. ACG denies the allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

15. ACG admits that Plaintiff was to receive a certificate upon successful completion of the program. ACG denies all remaining allegations in Paragraph 15 of Plaintiff's First Amended Complaint not expressly admitted herein.

16. ACG admits that it entered into a Leave of Absence Agreement with Plaintiff. ACG states that the document speaks for itself, and ACG denies any characterizations or interpretations of that document that are inconsistent therewith. ACG denies all remaining allegations in Paragraph 16 of Plaintiff's First Amended Complaint not expressly admitted herein.

17. ACG admits the allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

18. ACG is without sufficient information to admit or deny the allegations in Paragraph 18 of Plaintiff's First Amended Complaint, and therefore, denies the same.

19. ACG admits the allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

20. ACG is without sufficient information to admit or deny the allegations in Paragraph 20 of Plaintiff's First Amended Complaint, and therefore, denies the same.

21. ACG is without sufficient information to admit or deny the allegations in Paragraph 21 of Plaintiff's First Amended Complaint, and therefore, denies the same.

22. ACG admits the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

23. ACG is without sufficient information to admit or deny the allegations in Paragraph 23 of Plaintiff's First Amended Complaint, and therefore, denies the same.

24. ACG is without sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiff's First Amended Complaint, and therefore, denies the same.

*What Aegis Told Plaintiff about the Program:*

25. ACG is without sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiff's First Amended Complaint, and therefore, denies the same.

26. ACG admits that it entered into a Leave of Absence Agreement with Plaintiff. ACG states that the document speaks for itself, and ACG denies any characterizations or interpretations of that document that are inconsistent therewith. ACG denies that Plaintiff was "required" to sign the Leave of Absence Agreement, and denies all remaining allegations in Paragraph 26 of Plaintiff's First Amended Complaint not expressly admitted herein.

27. ACG admits that Plaintiff flew from Joplin to Dallas on August 11, 2011. ACG is without sufficient information to admit or deny the remaining allegations in Paragraph 27 of Plaintiff's First Amended Complaint, and therefore, denies the same.

28. ACG admits that Plaintiff was provided with an "Exchange Student Handbook" that included general information about the program. ACG denies all remaining allegations in Paragraph 28 of Plaintiff's First Amended Complaint not expressly admitted herein.

29. ACG is without sufficient information to admit or deny what Plaintiff learned,

and therefore, denies the same.

30. ACG denies the allegations in Paragraph 30 of Plaintiff's First Amended Complaint.

31. ACG denies the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

32. ACG denies the allegations in Paragraph 32 of Plaintiff's First Amended Complaint.

33. ACG denies the allegations in Paragraph 33 of Plaintiff's First Amended Complaint.

34. ACG is without sufficient information to admit or deny what Plaintiff understood, and therefore, denies the same. ACG denies all remaining allegations in Paragraph 34 of Plaintiff's First Amended Complaint not expressly admitted herein.

35. ACG admits that the "Exchange Student Handbook" indicates that Plaintiff would receive a monthly allowance of $100 per month. ACG denies all remaining allegations in Paragraph 35 of Plaintiff's First Amended Complaint not expressly admitted herein.

36. ACG admits that the "Exchange Student Handbook" indicates that Plaintiff would receive a prepaid local "SIM card" with a limit of 500 rupees per month. ACG denies that the "Exchange Student Handbook" indicates that the "SIM card" would be received at the same time as the monthly allowance. ACG denies all remaining allegations in Paragraph 36 of Plaintiff's First Amended Complaint not expressly admitted herein.

37. ACG denies the allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

38. ACG denies the allegations in Paragraph 38 of Plaintiff's First Amended

Complaint.

39. ACG is without sufficient information to form a belief as what Plaintiff believes is a "brief" stay in Texas, and therefore, denies said allegation. ACG admits that Plaintiff flew to India on August 12, 2011.

40. ACG is without sufficient information to admit or deny what Plaintiff believed, and therefore, denies the same. ACG denies all remaining allegations in Paragraph 40 of Plaintiff's First Amended Complaint.

### *The Events that Took Place in India:*

41. ACG is without sufficient information to admit or deny what Plaintiff discovered, and therefore, denies the same.

42. ACG is without sufficient information to admit or deny the allegations in Paragraph 42 of Plaintiff's First Amended Complaint, and therefore, denies the same.

43. ACG is without sufficient information to admit or deny the allegations in Paragraph 43 of Plaintiff's First Amended Complaint, and therefore, denies the same.

44. ACG is without sufficient information to admit or deny the allegations in Paragraph 44 of Plaintiff's First Amended Complaint, and therefore, denies the same.

45. ACG is without sufficient information to admit or deny the allegations in Paragraph 45 of Plaintiff's First Amended Complaint, and therefore, denies the same.

46. ACG is without sufficient information to admit or deny the allegations in Paragraph 46 of Plaintiff's First Amended Complaint, and therefore, denies the same.

47. ACG is without sufficient information to admit or deny the allegations in Paragraph 47 of Plaintiff's First Amended Complaint, and therefore, denies the same.

48. ACG is without sufficient information to admit or deny the allegations in

Paragraph 48 of Plaintiff's First Amended Complaint, and therefore, denies the same.

49. ACG is without sufficient information to admit or deny what Plaintiff observed, and therefore, denies the same.

50. ACG is without sufficient information to admit or deny the allegations in Paragraph 50 of Plaintiff's First Amended Complaint, and therefore, denies the same.

51. ACG is without sufficient information to admit or deny the allegations in Paragraph 51 of Plaintiff's First Amended Complaint, and therefore, denies the same.

52. ACG admits that it did not provide meals. ACG is without sufficient information to admit or deny the remaining allegations in Paragraph 52 of Plaintiff's First Amended Complaint, and therefore, denies the same.

53. ACG is without sufficient information to admit or deny the allegations in Paragraph 53 of Plaintiff's First Amended Complaint, and therefore, denies the same.

54. ACG is without sufficient information to admit or deny the allegations in Paragraph 54 of Plaintiff's First Amended Complaint, and therefore, denies the same.

55. ACG is without sufficient information to admit or deny the allegations in Paragraph 55 of Plaintiff's First Amended Complaint, and therefore, denies the same.

56. ACG is without sufficient information to admit or deny the allegations in Paragraph 56 of Plaintiff's First Amended Complaint, and therefore, denies the same.

57. ACG is without sufficient information to admit or deny the allegations in Paragraph 57 of Plaintiff's First Amended Complaint, and therefore, denies the same.

58. ACG is without sufficient information to admit or deny the allegations in Paragraph 58 of Plaintiff's First Amended Complaint, and therefore, denies the same.

59. ACG is without sufficient information to admit or deny the allegations in

Paragraph 59 of Plaintiff's First Amended Complaint, and therefore, denies the same.

60. ACG denies that it provided any food to Plaintiff. ACG is without sufficient information to admit or deny the remaining allegations in Paragraph 60 of Plaintiff's First Amended Complaint, and therefore, denies the same.

61. ACG is without sufficient information to admit or deny the allegations in Paragraph 61 of Plaintiff's First Amended Complaint, and therefore, denies the same.

62. ACG is without sufficient information to form a belief as to the meaning of the phrase "Standing Representatives," and therefore, denies all allegations related to the same. ACG is also without sufficient information to admit or deny the allegations pertaining to complaints Plaintiff allegedly made and therefore, denies the same. ACG denies all remaining allegations in Paragraph 62 of Plaintiff's First Amended Complaint not expressly admitted herein.

63. ACG is without sufficient information to admit or deny the allegations in Paragraph 63 of Plaintiff's First Amended Complaint, and therefore, denies the same.

64. ACG is without sufficient information to admit or deny the allegations in Paragraph 64 of Plaintiff's First Amended Complaint, and therefore, denies the same.

65. ACG admits that Plaintiff contacted Debra Zismer, but is without sufficient information to admit or deny the remaining allegations in Paragraph 65 of Plaintiff's First Amended Complaint, and therefore, denies the same.

66. ACG denies the allegations in Paragraph 66 of Plaintiff's First Amended Complaint.

67. ACG denies the allegations in Paragraph 67 of Plaintiff's First Amended Complaint.

68. ACG admits the allegations in Paragraph 68 of Plaintiff's First Amended

Complaint.

68. ACG denies the allegations in Paragraph 69 of Plaintiff's First Amended Complaint to the extent that they pertain to alleged complaints made to Debra Zismer. ACG is without sufficient information to admit or deny the remaining allegations in Paragraph 69 of Plaintiff's First Amended Complaint, and therefore, denies the same.

70. ACG is without sufficient information to admit or deny the allegations in Paragraph 70 of Plaintiff's First Amended Complaint, and therefore, denies the same.

71. ACG is without sufficient information to admit or deny the allegations in Paragraph 71 of Plaintiff's First Amended Complaint, and therefore, denies the same.

72. ACG is without sufficient information to admit or deny the allegations in Paragraph 72 of Plaintiff's First Amended Complaint, and therefore, denies the same.

73. ACG denies that the "Exchange Student Handbook" says she would owe money to ACG if she did not complete the program. ACG is without sufficient information to admit or deny the remaining allegations in Paragraph 73 of Plaintiff's First Amended Complaint, and therefore, denies the same.

74. ACG is without sufficient information to admit or deny the allegations in Paragraph 74 of Plaintiff's First Amended Complaint, and therefore, denies the same.

75. ACG is without sufficient information to admit or deny the allegations in Paragraph 75 of Plaintiff's First Amended Complaint, and therefore, denies the same.

76. ACG is without sufficient information to admit or deny the allegations in Paragraph 76 of Plaintiff's First Amended Complaint, and therefore, denies the same.

77. ACG is without sufficient information to admit or deny the allegations in Paragraph 77 of Plaintiff's First Amended Complaint, and therefore, denies the same.

78. ACG is without sufficient information to admit or deny the allegations in Paragraph 78 of Plaintiff's First Amended Complaint, and therefore, denies the same.

79. ACG is without sufficient information to admit or deny the allegations in Paragraph 79 of Plaintiff's First Amended Complaint, and therefore, denies the same.

80. ACG is without sufficient information to admit or deny the allegations in Paragraph 80 of Plaintiff's First Amended Complaint, and therefore, denies the same.

81. ACG is without sufficient information to admit or deny the allegations in Paragraph 81 of Plaintiff's First Amended Complaint, and therefore, denies the same.

82. ACG is without sufficient information to admit or deny the allegations in Paragraph 82 of Plaintiff's First Amended Complaint, and therefore, denies the same.

83. ACG is without sufficient information to admit or deny the allegations in Paragraph 83 of Plaintiff's First Amended Complaint, and therefore, denies the same.

84. ACG is without sufficient information to admit or deny the allegations in Paragraph 84 of Plaintiff's First Amended Complaint, and therefore, denies the same.

85. ACG is without sufficient information to admit or deny what Plaintiff believed, and therefore, denies the same.

86. ACG is without sufficient information to admit or deny the allegations in Paragraph 86 of Plaintiff's First Amended Complaint, and therefore, denies the same.

***Upon Her Return to Joplin:***

87. ACG admits the allegations in Paragraph 87 of Plaintiff's First Amended Complaint.

88. ACG admits that Plaintiff was placed in the "ACE" program upon her re-employment by ACG. ACG denies the remaining allegations in Paragraph 88 of Plaintiff's First

Amended Complaint.

89. ACG is without sufficient information to admit or deny the allegations in Paragraph 89 of Plaintiff's First Amended Complaint, and therefore, denies the same.

90. ACG denies the allegations in Paragraph 90 of Plaintiff's First Amended Complaint.

## COUNT I:
**FRAUDULENT INDUCEMENT AND MISREPRESENTATION IN EMPLOYMENT NEGOTIATIONS**

91. ACG incorporates by reference its responses to Paragraphs 1 through 90 of Plaintiff's First Amended Complaint as though fully restated and set forth herein.

92. ACG admits the alleged representations in subparagraphs 92(a) and (b) of Plaintiff's First Amended Complaint, except that ACG denies that these items were promised on the first of every month. ACG denies the alleged representations in subparagraphs 92(c), (d), (e), and (f) of Plaintiff's First Amended Complaint. ACG admits that Plaintiff was told a limited health insurance policy would be provided, but denies that ACG was to provide it. ACG also admits that Plaintiff was told she would be placed in the "ACE" program upon successful completion of the program in India. ACG denies all remaining allegations in Paragraph 92 of Plaintiff's First Amended Complaint not expressly admitted herein.

93. ACG denies that the specific representations identified in Paragraph 92 of Plaintiff's First Amended Complaint that ACG admits making were false. ACG is without sufficient information to admit or deny the allegations in subparagraphs 93(a), (b), (c), (d), (e), (f), and (g) of Plaintiff's First Amended Complaint, and therefore, denies the same. ACG denies the allegations in subparagraph 93(h) of Plaintiff's First Amended Complaint. ACG denies all remaining allegations in Paragraph 93 of Plaintiff's First Amended Complaint not expressly admitted herein.

94.     ACG denies that the specific representations identified in Paragraph 92 of Plaintiff's First Amended Complaint that ACG admits making were false. ACG states further that whether a representation was "material" calls for a legal conclusion that requires no response. To the extent a response is required, ACG is without sufficient information to admit or deny the allegation, and therefore, denies the same. ACG is without sufficient information to admit or deny the remaining allegations in Paragraph 94 of Plaintiff's First Amended Complaint, and therefore, denies the same.

95.     ACG denies the allegations in Paragraph 94 of Plaintiff's First Amended Complaint.

96.     ACG denies the allegations in Paragraph 96 of Plaintiff's First Amended Complaint.

97.     ACG denies the allegations in Paragraph 97 of Plaintiff's First Amended Complaint.

98.     ACG denies the allegations in Paragraph 98 of Plaintiff's First Amended Complaint.

99.     ACG denies the allegations in Paragraph 99 of Plaintiff's First Amended Complaint.

100.    ACG denies that the specific representations alleged in Paragraph 92 of Plaintiff's First Amended Complaint that ACG admits making were false. ACG denies the allegations in Paragraph 100 of Plaintiff's First Amended Complaint with respect to all other representations alleged in Paragraph 92. ACG is without sufficient information to admit or deny what Plaintiff knew, and therefore, denies the same. ACG denies all remaining allegations in Paragraph 100 of Plaintiff's First Amended Complaint not expressly admitted herein.

101. ACG is without sufficient information to admit or deny the allegations in Paragraph 101 of Plaintiff's First Amended Complaint, and therefore, denies the same.

102. ACG admits that its employees made the specific representations in Paragraph 92 of Plaintiff's First Amended Complaint that ACG admits making. ACG denies these allegations with respect to all other representations alleged in Paragraph 92. ACG denies all remaining allegations in Paragraph 102 of Plaintiff's First Amended Complaint not expressly admitted herein.

103. ACG denies the allegations in Paragraph 103 of Plaintiff's First Amended Complaint.

104. ACG denies the allegations in Paragraph 104 of Plaintiff's First Amended Complaint.

## COUNT II:
## NEGLIGENT MISREPRESENTATION

105. ACG incorporates by reference its responses to Paragraphs 1 through 104 of Plaintiff's First Amended Complaint as though fully restated and set forth herein.

106. ACG denies the allegations in Paragraph 106 of Plaintiff's First Amended Complaint, except that whether or not "reasonable care" was used calls for a legal conclusion that requires no response. To the extent a response is required, ACG denies this allegation. ACG denies all remaining allegations in Paragraph 106 of Plaintiff's First Amended Complaint not expressly admitted herein.

107. ACG admits the allegations in Paragraph 107 of Plaintiff's First Amended Complaint with respect to the specific representations alleged in Paragraph 92 that ACG admits making. ACG denies this allegation with respect to all other representations alleged in Paragraph 92. ACG denies all remaining allegations in Paragraph 107 of Plaintiff's First Amended

Complaint not expressly admitted herein.

108. ACG denies the allegations in Paragraph 108 of Plaintiff's First Amended Complaint.

109. ACG denies the allegations in Paragraph 109 of Plaintiff's First Amended Complaint.

110. ACG denies the allegations in Paragraph 110 of Plaintiff's First Amended Complaint.

### COUNT III:
### HUMAN TRAFFICKING
### (18 U.S.C. §§ 1589; 1595)

111. ACG incorporates by reference its responses to Paragraphs 1 through 110 of Plaintiff's First Amended Complaint as though fully restated and set forth herein.

112. ACG states that 18 U.S.C. § 1589 speaks for itself, and ACG denies any characterizations or interpretations of that statute that are inconsistent therewith. Further, ACG states that whether or not conduct is "unlawful" calls for a legal conclusion that requires no response. To the extent a response is required, ACG denies this allegation.

113. ACG states that 18 U.S.C. § 1595 speaks for itself, and ACG denies any characterizations or interpretations of that statute that are inconsistent therewith.

114. ACG denies the allegations in Paragraph 114 of Plaintiff's First Amended Complaint.

115. ACG denies the allegations in Paragraph 115 of Plaintiff's First Amended Complaint.

116. ACG denies the allegations in Paragraph 116 of Plaintiff's First Amended Complaint.

117. ACG denies the allegations in Paragraph 117 of Plaintiff's First Amended Complaint.

118. ACG denies the allegations in Paragraph 118 of Plaintiff's First Amended Complaint.

119. ACG is without sufficient information to admit or deny the allegations in Paragraph 119 of Plaintiff's First Amended Complaint, and therefore, denies the same.

120. ACG denies the allegations in Paragraph 120 of Plaintiff's First Amended Complaint.

121. ACG is without sufficient information to admit or deny the allegations in Paragraph 121 of Plaintiff's First Amended Complaint, and therefore, denies the same.

122. ACG is without sufficient information to admit or deny what Plaintiff feared, and therefore, denies the same.

123. ACG is without sufficient information to admit or deny the allegations in Paragraph 123 of Plaintiff's First Amended Complaint, and therefore, denies the same.

124. ACG denies the allegations in Paragraph 124 of Plaintiff's First Amended Complaint.

### COUNT IV:
### UNJUST ENRICHMENT

125. ACG incorporates by reference its responses to Paragraphs 1 through 124 of Plaintiff's First Amended Complaint as though fully restated and set forth herein.

126. ACG denies the allegations in Paragraph 126 of Plaintiff's First Amended Complaint.

127. ACG is without sufficient information to admit or deny the allegations in Paragraph 127 of Plaintiff's First Amended Complaint, and therefore, denies the same.

128.  ACG denies that Plaintiff provided any services for it. ACG denies all remaining allegations in Paragraph 128 of Plaintiff's First Amended Complaint not expressly admitted herein.

129.  ACG is without sufficient information to admit or deny the allegations in Paragraph 129 of Plaintiff's First Amended Complaint, and therefore, denies the same.

130.  ACG denies the allegations in Paragraph 130 of Plaintiff's First Amended Complaint.

131.  ACG is without sufficient information to admit or deny the allegations in Paragraph 131, and therefore, denies the same, except that ACG denies that it received or retained any "benefit." ACG denies all remaining allegations in Paragraph 131 of Plaintiff's First Amended Complaint not expressly admitted herein.

132.  ACG is without sufficient information to admit or deny the allegations in Paragraph 132, and therefore, denies the same, except that ACG denies that it received or retained any "benefit." ACG denies all remaining allegations in Paragraph 132 of Plaintiff's First Amended Complaint not expressly admitted herein.

133.  ACG is without sufficient information to admit or deny the allegations in Paragraph 133, and therefore, denies the same, except that ACG denies any alleged "misconduct." ACG denies all remaining allegations in Paragraph 133 of Plaintiff's First Amended Complaint not expressly admitted herein.

134.  ACG denies the allegations in Paragraph 134 of Plaintiff's First Amended Complaint.

## COUNT V:
## BREACH OF CONTRACT

135.  ACG incorporates by reference its responses to Paragraphs 1 through 134 of

Plaintiff's First Amended Complaint as though fully restated and set forth herein.

136. ACG denies the allegations in Paragraph 136 of Plaintiff's First Amended Complaint.

137. ACG denies the allegations in Paragraph 137 of Plaintiff's First Amended Complaint.

138. ACG is without sufficient information to admit or deny the allegations in Paragraph 138 of Plaintiff's First Amended Complaint, and therefore, denies the same.

139. ACG denies the allegations in Paragraph 139 of Plaintiff's First Amended Complaint.

140. ACG denies the allegations in Paragraph 140 of Plaintiff's First Amended Complaint.

141. ACG denies the allegations in Paragraph 141 of Plaintiff's First Amended Complaint.

142. ACG denies the allegations in Paragraph 142 of Plaintiff's First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving its denial of liability, ACG alleges the following affirmative and other defenses:

1. Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted. For example, Plaintiff cannot maintain causes of action under Missouri law for events that transpired entirely while Plaintiff was in Texas and/or India, to which Missouri law does not apply.

2. Plaintiff's claims fail, in whole or in part, because the U.S. District Court for the Western District of Missouri is the improper venue. Plaintiff cannot maintain causes of action under Missouri law for events that transpired entirely while Plaintiff was in Texas and/or India.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of *forum non conveniens*. Plaintiff cannot maintain causes of action under Missouri law for events that transpired entirely while Plaintiff was in Texas and/or India.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

6. Counts I and II of Plaintiff's First Amended Complaint fail, in whole or in part, because some or all of the alleged representations were true.

7. Count V of Plaintiff's First Amended Complaint is barred by the Statute of Frauds.

8. Counts III-V of Plaintiff's First Amended Complaint fail, in whole or in part, because ACG did not employ Plaintiff during the time periods in question, does not operate Aegis Global Academy, does not do business in India, and was not responsible for any events that transpired while Plaintiff was in India.

9. Pleading hypothetically and in the alternative, Count III of Plaintiff's First Amended Complaint fails, in whole or in part, because ACG did not employ Plaintiff during the time periods in question, and thus did not knowingly obtain labor from Plaintiff nor knowingly benefit from participation in an alleged scheme to obtain Plaintiff's labor.

18
Case 3:13-cv-05054-MDH   Document 22   Filed 07/15/13   Page 18 of 20

10. Pleading hypothetically and in the alternative, Count IV of Plaintiff's First Amended Complaint fails, in whole or in part, because Plaintiff performed work in India voluntarily and with full knowledge of the facts and circumstances of that work.

11. Pleading hypothetically and in the alternative, Count IV of Plaintiff's First Amended Complaint fails, in whole or in part, because any alleged benefit was conferred upon ACG without its knowledge, request, or acceptance.

12. Pleading hypothetically and in the alternative, Count IV of Plaintiff's First Amended Complaint fails, in whole or in part, because no injustice resulted from ACG's retention of any alleged benefit. Plaintiff was compensated in the form of wages, calling privileges, housing, food, education, among other forms of compensation. Plaintiff also received a $2,000 bonus and placement in ACG's supervisor training program upon re-employment by ACG.

13. Pleading hypothetically and in the alternative, Counts IV and V of Plaintiff's First Amended Complaint fail, in whole or in part, because of the doctrines of waiver, estoppel, and laches. Plaintiff returned from India and became re-employed by ACG on or around June 25, 2012. Plaintiff accepted said re-employment, placement in ACG's supervisor training program, and a $2,000 bonus without complaint. Plaintiff accepted these benefits and remained silent for approximately 11 months, and only now complains of the issues alleged in her Petition.

14. Pleading hypothetically and in the alternative, Counts IV and V of Plaintiff's First Amended Complaint fail, in whole or in part, because of accord and satisfaction. Plaintiff accepted re-employment and a $2,000 bonus upon return from India in satisfaction of any alleged obligations owed by ACG. Plaintiff accepted these benefits and remained silent for approximately 11 months, and only now complains of the issues alleged in her Petition.

ARMSTRONG TEASDALE LLP

By: /s/Jeremy M. Brenner
Robert A. Kaiser    #31410MO
Jeremy M. Brenner    #63727MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
rkaiser@armstrongteasdale.com
jbrenner@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that on July 15, 2013, the foregoing was filed electronically with the Clerk of the Court and will be served by operation of the Court's electronic filing system upon the following:

Anne Schiavone
Matt O'Laughlin
Kelly McCambridge
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
aschiavone@hslawllc.com
molaughlin@hslawllc.com
kmccambridge@hslawllc.com

                                                /s/ Jeremy M. Brenner