UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

MANDI J. FRIEND                          )
                                         )
              Plaintiff,                 )
                                         )
vs.                                      )    Case No. 3:13-CV-5054-ODS
                                         )
AEGIS COMMUNICATIONS GROUP, LLC,         )
and AEGIS USA, INC.,                     )
                                         )
              Defendants.                )

**DEFENDANT AEGIS USA INC.'S ANSWER TO PLAINTIFF'S MORE
DEFINITE SECOND AMENDED COMPLAINT**

COMES NOW Defendant Aegis USA, Inc. ("AUSA"), by and through counsel, and for

its Answer to Plaintiff Mandi J. Friend's ("Plaintiff") More Definite Second Amended

Complaint, states as follows:

**STATEMENT OF THE CASE**

Plaintiff's "Statement of the Case" does not conform to the Federal Rules of Civil

Procedure and as such, does not require an answer. To the extent an answer is required, AUSA

denies the allegations in Plaintiff's "Statement of the Case."

**PARTIES**

1.     AUSA is without sufficient information to admit or deny the allegations in

Paragraph 1 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

2.     AUSA denies the allegations in Paragraph 2 of Plaintiff's Second Amended

Complaint.

3.     AUSA states that, at the time Plaintiff's Second Amended Complaint was filed,

Defendant Aegis Communications Group, LLC ("ACG") was a Delaware Limited Liability

Company with its principal place of business in Texas. Pleading further, AUSA states that ACG

was merged into its sole member, AUSA, effective December 31, 2013. AUSA admits that the remaining allegations in Paragraph 3 of Plaintiff's First Amended Complaint were also true at the time Plaintiff filed the complaint.

4.      AUSA denies the allegations contained in Paragraph 4 of Plaintiff's Second Amended Complaint, and additionally pleads that whether individuals were "agents" or were "acting within the scope and course of their agency and employment" calls for legal conclusions which do not require a response. To the extent a response is required, AUSA denies these allegations. AUSA denies all remaining allegations in Paragraph 4 of Plaintiff's Second Amended complaint not expressly admitted herein.

## PARTY ADDED VIA AMENDMENT

5.      AUSA admits that it is a Delaware corporation and that Registered Agent Solutions, Inc., located at 900 Old Roswell Lakes Pkwy, Ste. 310, Roswell, Georgia 30076, is a correct registered agent address for AUSA in the state of Georgia. AUSA denies all remaining allegations in Paragraph 5 of Plaintiff's Second Amended Complaint.

6.      AUSA states that, at the time Plaintiff's Second Amended Complaint was filed, it was the sole member of ACG. Pleading further, AUSA states that, by operation of law, ACG was merged into its sole member, AUSA, effective December 31, 2013.

7.      AUSA denies the allegations in Paragraph 7 of Plaintiff's Second Amended Complaint, except that AUSA is without sufficient information to admit or deny what Plaintiff believes, and therefore, denies the same.

8.      AUSA denies the allegations in Paragraph 8 of Plaintiff's Second Amended Complaint.

9.      AUSA denies the allegations in Paragraph 9 of Plaintiff's Second Amended

Complaint.

10.     AUSA denies the allegations in Paragraph 10 of Plaintiff's Second Amended Complaint.

11.     AUSA denies the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint, and additionally pleads that whether individuals were "agents" or were "acting within the scope and course of their agency and employment" calls for legal conclusions which do not require a response. To the extent a response is required, AUSA denies these allegations. AUSA denies all remaining allegations in Paragraph 11 of Plaintiff's Second Amended Complaint not expressly admitted herein.

## JURISDICTION AND VENUE

12.     AUSA admits the allegations in Paragraph 12 of Plaintiff's Second Amended Complaint.

13.     AUSA admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Pleading further, AUSA is without sufficient information to form a belief as to what is meant by "substantial" federal question, and therefore, denies all allegations related to the same.

14.     AUSA denies the allegations in Paragraph 14 of Plaintiff's Second Amended Complaint.

15.     AUSA admits that this Court has personal jurisdiction in this matter. Pleading further, AUSA denies all remaining allegations in Paragraph 15 of Plaintiff's Second Amended Complaint.

16.     AUSA denies the allegations in Paragraph 16 of Plaintiff's Second Amended Complaint.

## FACTS COMMON TO ALL COUNTS

*While in the United States:*

17.     AUSA admits that Plaintiff worked at a call center in Joplin, MO. Pleading

further, AUSA denies that it owned and operated the call center. AUSA admits that Plaintiff

began employment in September, 2008. AUSA denies all remaining allegations in Paragraph 17

of Plaintiff's Second Amended Complaint not expressly admitted herein.

18.     AUSA is without sufficient information to admit or deny what Plaintiff noticed or

believes, and therefore, denies the same. Pleading further, AUSA denies that either AUSA or

ACG offered the Aegis Global Academy program.

19.     AUSA admits that Debra Zismer told Plaintiff and other employees about an

opportunity to apply for an educational program. AUSA denies all remaining allegations in

Paragraph 19 of Plaintiff's Second Amended Complaint not expressly admitted herein.

20.     AUSA is without sufficient information to admit or deny what Plaintiff believes,

and therefore, denies the same. Pleading further, AUSA denies that Debra Zismer was an AUSA

employee during the time period relevant to Plaintiff's Second Amended Complaint, but admits

that Zismer was an ACG employee at that time.

21.     AUSA admits that Debra Zismer told Plaintiff about an opportunity to apply for

enrollment in a one-year study abroad program with Aegis Global Academy.

22.     AUSA admits that during the time period relevant to Plaintiff's Second Amended

Complaint, Aegis Global Academy was located in Coimbatore, India.

23.     AUSA denies the allegations in Paragraph 23 of Plaintiff's Second Amended

Complaint.

24.     AUSA admits that Plaintiff was to receive a certificate upon successful

completion of the program. AUSA denies all remaining allegations in Paragraph 24 of Plaintiff's

Second Amended Complaint not expressly admitted herein.

25.     AUSA admits that Plaintiff entered into a Leave of Absence Agreement with ACG. Pleading further, AUSA states that the document speaks for itself, and AUSA denies any characterizations or interpretations of that document that are inconsistent therewith. AUSA denies all remaining allegations in Paragraph 25 of Plaintiff's Second Amended Complaint not expressly admitted herein.

26.     AUSA admits the allegations in Paragraph 26 of Plaintiff's Second Amended Complaint.

27.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 27 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

28.     AUSA admits the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint.

29.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

30.     AUSA is without sufficient information to admit or deny what Plaintiff believes, and therefore, denies the same. Pleading further, AUSA denies that Balentine was an AUSA employee during the time period relevant to Plaintiff's Second Amended Complaint, but admits that Balentine was an ACG employee at that time. AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 30 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

31.     AUSA is without sufficient information to admit or deny allegations pertaining to "other individuals" who are not identified, and therefore, denies the same. Pleading further, AUSA denies that Zismer or Balentine were AUSA employees during the time period relevant to

5

Plaintiff's Second Amended Complaint, but admits that Zismer and Balentine were ACG employees at that time. AUSA admits that Zismer knew Plaintiff was financially struggling, but is without sufficient information to admit or deny what Balentine knew, and therefore, denies allegations related to the same.

32.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 32 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

33.     AUSA is without sufficient information to admit or deny what Plaintiff believes, and therefore, denies the same. Pleading further, AUSA denies that Curtis was an AUSA employee during the time period relevant to Plaintiff's Second Amended Complaint, but admits that Curtis was an ACG employee at that time. AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 33 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

### *What Defendants Told Plaintiff about the Program:*

34.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 34 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

35.     AUSA admits that Plaintiff entered into a Leave of Absence Agreement with ACG. Pleading further, AUSA states that the document speaks for itself, and AUSA denies any characterizations or interpretations of that document that are inconsistent therewith. AUSA denies that Plaintiff was "required" to sign the Leave of Absence Agreement, and denies all remaining allegations in Paragraph 35 of Plaintiff's Second Amended Complaint not expressly admitted herein.

36.     AUSA is without sufficient information to admit or deny what Plaintiff believes, and therefore, denies the same. Pleading further, AUSA admits that Plaintiff flew from Joplin to

Dallas on August 11, 2011. AUSA admits that the site in Irving was operated by ACG at the time relevant to Plaintiff's Second Amended Complaint. AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 36 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

37.     AUSA admits that Plaintiff was provided with an "Exchange Student Handbook" that included general information about the program. Pleading further, AUSA denies that it provided the Exchange Student Handbook or authored the contents. AUSA denies all remaining allegations in Paragraph 37 of Plaintiff's Second Amended Complaint not expressly admitted herein.

38.     AUSA is without sufficient information to admit or deny what Plaintiff learned, and therefore, denies the same.

39.     AUSA is without sufficient information to admit or deny what Plaintiff believes, and therefore, denies the same. Pleading further, AUSA denies that Shrinivas Shetty was an AUSA employee during the time period relevant to Plaintiff's Second Amended Complaint, but admits that Shetty was an ACG employee at that time. AUSA denies all remaining allegations in Paragraph 39 of Plaintiff's Second Amended Complaint not expressly admitted herein.

40.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 40 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

41.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 41 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

42.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 42 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

43.     AUSA is without sufficient information to admit or deny what Plaintiff

understood, and therefore, denies the same. AUSA denies all remaining allegations in Paragraph 43 of Plaintiff's Second Amended Complaint not expressly admitted herein.

44.     AUSA admits that the "Exchange Student Handbook" indicates that Plaintiff would receive a monthly allowance of $100 per month. AUSA denies all remaining allegations in Paragraph 44 of Plaintiff's Second Amended Complaint not expressly admitted herein.

45.     AUSA admits that the "Exchange Student Handbook" indicates that Plaintiff would receive a prepaid local "SIM card" with a limit of 500 rupees per month. Pleading further, AUSA denies that the "Exchange Student Handbook" indicates that the "SIM card" would be received at the same time as the monthly allowance. AUSA denies all remaining allegations in Paragraph 45 of Plaintiff's Second Amended Complaint not expressly admitted herein.

46.     AUSA denies the allegations in Paragraph 46 of Plaintiff's Second Amended Complaint.

47.     AUSA cannot form a belief as to what is meant by "Aegis," which is not defined. To the extent that "Aegis" is meant to refer to either AUSA or ACG, AUSA denies the allegations in Paragraph 47 of Plaintiff's Second Amended Complaint.

48.     AUSA is without sufficient information to form a belief as what Plaintiff believes is a "brief" stay in Texas, and therefore, denies said allegation. AUSA admits that Plaintiff flew to India on August 12, 2011.

49.     AUSA is without sufficient information to admit or deny what Plaintiff believed, and therefore, denies the same. Pleading further, AUSA denies all remaining allegations in Paragraph 49 of Plaintiff's Second Amended Complaint.

*The Events that Took Place in India:*

50.     AUSA is without sufficient information to admit or deny what Plaintiff

discovered, and therefore, denies the same.

51.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 51 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

52.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 52 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

53.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 53 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

54.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 54 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

55.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 55 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

56.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 56 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

57.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 57 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

58.     AUSA is without sufficient information to admit or deny what Plaintiff observed, and therefore, denies the same.

59.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 59 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

60.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 60 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

61.     AUSA admits that it did not provide meals. Pleading further, AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 61 of Plaintiff's

Second Amended Complaint, and therefore, denies the same.

62.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 62 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

63.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 63 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

64.     AUSA cannot form a belief as to what is meant by the term "Aegis," which is not defined. To the extent "Aegis" is meant to refer to AUSA or ACG, AUSA is without sufficient information to admit or deny the allegations in Paragraph 64 of Plaintiff's Second Amended Complaint, and therefore, denies the same. AUSA denies all allegations in Paragraph 64 of Plaintiff's Second Amended Complaint not expressly admitted herein.

65.     AUSA cannot form a belief as to what is meant by the term "Aegis," which is not defined. To the extent "Aegis" is meant to refer to AUSA or ACG, AUSA states that neither it nor ACG had any responsibility whatsoever for transportation or lack thereof in India. Pleading further, AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 65 of Plaintiff's Second Amended Complaint, and therefore, denies the same. AUSA denies all allegations in Paragraph 65 of Plaintiff's Second Amended Complaint not expressly admitted herein.

66.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 66 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

67.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 67 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

68.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 68 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

69. AUSA denies that it provided any food to Plaintiff. Pleading further, AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 69 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

70. AUSA is without sufficient information to admit or deny the allegations in Paragraph 70 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

71. AUSA is without sufficient information to form a belief as to the meaning of the phrase "Standing Representatives," and therefore, denies all allegations related to the same. Pleading further, AUSA is also without sufficient information to admit or deny the allegations pertaining to complaints Plaintiff allegedly made and therefore, denies the same. AUSA denies all remaining allegations in Paragraph 71 of Plaintiff's Second Amended Complaint not expressly admitted herein.

72. AUSA is without sufficient information to admit or deny the allegations in Paragraph 72 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

73. AUSA cannot form a belief as to what is meant by the term "Essar," which is not defined. AUSA denies that Essar is its parent company. AUSA admits that Essar Services (Mauritius) is the sole shareholder of AUSA. Pleading further, AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 73 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

74. AUSA admits that Plaintiff contacted Debra Zismer, but is without sufficient information to admit or deny the remaining allegations in Paragraph 74 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

75. AUSA denies the allegations in Paragraph 75 of Plaintiff's Second Amended Complaint.

76. AUSA denies the allegations in Paragraph 76 of Plaintiff's Second Amended Complaint.

77. AUSA admits the allegations in Paragraph 77 of Plaintiff's Second Amended Complaint.

78. AUSA denies the allegations in Paragraph 78 of Plaintiff's Second Amended Complaint to the extent that they pertain to alleged complaints made to Debra Zismer. Pleading further, AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 78 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

79. AUSA is without sufficient information to admit or deny the allegations in Paragraph 79 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

80. AUSA is without sufficient information to admit or deny the allegations in Paragraph 80 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

81. AUSA is without sufficient information to admit or deny the allegations in Paragraph 81 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

82. AUSA denies that the "Exchange Student Handbook" says she would owe money to AUSA if she did not complete the program. Pleading further, AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 82 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

83. AUSA is without sufficient information to admit or deny the allegations in Paragraph 83 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

84. AUSA cannot form a belief as to what is meant by the term "Aegis," which is not defined. To the extent "Aegis" is meant to refer to AUSA or ACG, AUSA is without sufficient information to admit or deny the allegations in Paragraph 84 of Plaintiff's Second Amended

Complaint, and therefore, denies the same. AUSA denies all allegations in Paragraph 84 of Plaintiff's Second Amended Complaint not expressly admitted herein.

85.    AUSA denies the allegations in Paragraph 85 of Plaintiff's Second Amended Complaint with respect to actions attributed to AUSA or ACG. Pleading further, AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 85 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

86.    AUSA is without sufficient information to admit or deny the allegations in Paragraph 86 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

87.    AUSA is without sufficient information to admit or deny the allegations in Paragraph 87 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

88.    AUSA is without sufficient information to admit or deny the allegations in Paragraph 88 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

89.    AUSA cannot form a belief as to what is meant by the term "Aegis," which is not defined. To the extent "Aegis" is meant to refer to AUSA or ACG, AUSA denies the allegations in Paragraph 89 of Plaintiff's Second Amended Complaint.

90.    AUSA admits that Plaintiff gave a videotaped interview before leaving India, but denies that it was involved in the interview in any way. Pleading further, AUSA denies all remaining allegations in Paragraph 90 of Plaintiff's Second Amended Complaint, and specifically denies that Plaintiff was "forced" to give an interview.

91.    AUSA admits the allegations in Paragraph 91 of Plaintiff's Second Amended Complaint.

92.    AUSA is without sufficient information to admit or deny the allegations in Paragraph 92 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

93.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 93 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

94.     AUSA is without sufficient information to admit or deny what Plaintiff believed, and therefore, denies the same.

95.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 95 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

***Upon Her Return to Joplin:***

96.     AUSA admits the allegations in Paragraph 96 of Plaintiff's Second Amended Complaint.

97.     AUSA admits that Plaintiff was placed in the "ACE" program upon her re-employment by ACG. Pleading further, AUSA denies the remaining allegations in Paragraph 97 of Plaintiff's Second Amended Complaint.

98.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 98 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

99.     AUSA is without sufficient information to admit or deny what Plaintiff believes, and therefore, denies the same. Pleading further, AUSA denies the remaining allegations in Paragraph 99 of Plaintiff's Second Amended Complaint.

100.    AUSA denies the allegations in Paragraph 100 of Plaintiff's Second Amended Complaint, except that AUSA is without sufficient information to admit or deny what Plaintiff believes, and therefore, denies the same.

## COUNT I:
### FRAUDULENT INDUCEMENT AND MISREPRESENTATION IN EMPLOYMENT NEGOTIATIONS

101.    AUSA incorporates by reference its responses to Paragraphs 1 through 100 of Plaintiff's Second Amended Complaint as though fully restated and set forth herein.

102.    AUSA is without sufficient information to admit or deny what Plaintiff believes,

and therefore, denies the same. Pleading further, AUSA admits that ACG made the specific

representations alleged in Paragraph 103 of Plaintiff's Second Amended Complaint that are

admitted in AUSA's answer to Paragraph 103. AUSA denies that ACG made all other

representations alleged in Paragraph 103 of Plaintiff's Second Amended Complaint, and denies

all allegations in Paragraph 102 of Plaintiff's Second Amended Complaint not expressly

admitted herein. AUSA specifically denies that it provided any information or made any

representations whatsoever.

103.    AUSA denies that it made any representations. Pleading further, AUSA admits

that ACG made the representations alleged in subparagraphs 103(a) and (b) of Plaintiff's Second

Amended Complaint, except that AUSA denies that these items were promised on the first of

every month. AUSA denies that ACG made the alleged representations in subparagraphs 103(c),

(d), (e), and (f) of Plaintiff's Second Amended Complaint. With respect to subparagraph 103(g),

AUSA cannot form a belief as to what is meant by the term "Aegis," which is not defined.

AUSA admits that Plaintiff was told by ACG that a limited health insurance policy would be

provided, but denies that either AUSA or ACG were providing it. AUSA also admits that

Plaintiff was told by ACG that she would be placed in the "ACE" program upon successful

completion of the program in India. AUSA denies all allegations in Paragraph 103 of Plaintiff's

Second Amended Complaint not expressly admitted herein.

104.    AUSA denies that it made any representations. Pleading further, AUSA denies

that the specific representations identified in Paragraph 103 of Plaintiff's Second Amended

Complaint that AUSA admits ACG made were false. AUSA is without sufficient information to

admit or deny the allegations in subparagraphs 104(a), (b), (c), (d), and (e) of Plaintiff's Second

Amended Complaint, and therefore, denies the same. With respect to subparagraphs 104(f) and (g), AUSA cannot form a belief as to what is meant by the term "Aegis," which is not defined. AUSA is without sufficient information to admit or deny the allegations in subparagraphs (f) and (g) of Plaintiff's Second Amended Complaint, and therefore, denies the same. AUSA denies the allegations in subparagraph 104(h) of Plaintiff's Second Amended Complaint. AUSA denies all allegations in Paragraph 104 of Plaintiff's Second Amended Complaint not expressly admitted herein.

105.    AUSA is without sufficient information to admit or deny what Plaintiff believes, and therefore, denies the same. Pleading further, AUSA denies all remaining allegations in Paragraph 105 of Plaintiff's Second Amended Complaint.

106.    AUSA is without sufficient information to admit or deny what Plaintiff believes, and therefore, denies the same. Pleading further, AUSA denies all remaining allegations in Paragraph 106 of Plaintiff's Second Amended Complaint.

107.    AUSA denies that it made any representations. Pleading further, AUSA denies that the specific representations identified in Paragraph 103 of Plaintiff's Second Amended Complaint that AUSA admits ACG made were false. AUSA states further that whether a representation was "material" calls for a legal conclusion that requires no response. To the extent a response is required, AUSA is without sufficient information to admit or deny the allegation, and therefore, denies the same. AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 107 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

108.    AUSA denies the allegations in Paragraph 108 of Plaintiff's Second Amended Complaint.

109. AUSA cannot form a belief as to what is meant by the term "Defendant," which is not defined. To the extent "Defendant" is meant to refer to AUSA or ACG, AUSA denies the allegations in Paragraph 109 of Plaintiff's Second Amended Complaint. AUSA denies all remaining allegations in Paragraph 109 of Plaintiff's Second Amended Complaint.

110. AUSA denies the allegations in Paragraph 110 of Plaintiff's Second Amended Complaint.

111. AUSA denies the allegations in Paragraph 111 of Plaintiff's Second Amended Complaint.

112. AUSA denies the allegations in Paragraph 112 of Plaintiff's Second Amended Complaint.

113. AUSA denies that it made any representations. Pleading further, AUSA denies that the specific representations alleged in Paragraph 103 of Plaintiff's Second Amended Complaint that AUSA admits ACG made were false. AUSA denies the allegations in Paragraph 113 of Plaintiff's Second Amended Complaint with respect to all other representations alleged in Paragraph 103. AUSA is without sufficient information to admit or deny what Plaintiff knew, and therefore, denies the same. AUSA denies all remaining allegations in Paragraph 113 of Plaintiff's Second Amended Complaint not expressly admitted herein.

114. AUSA is without sufficient information to admit or deny the allegations in Paragraph 114 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

115. AUSA denies that its employees made the representations in Paragraph 103 of Plaintiff's Second Amended Complaint. Pleading further, AUSA admits that ACG's employees made the specific representations in Paragraph 103 of Plaintiff's Second Amended Complaint that AUSA admits ACG made. AUSA denies all remaining allegations in Paragraph 115 of

Plaintiff's Second Amended Complaint not expressly admitted herein.

116.    AUSA denies the allegations in Paragraph 116 of Plaintiff's Second Amended Complaint.

117.    AUSA denies the allegations in Paragraph 117 of Plaintiff's Second Amended Complaint.

**COUNT II:**
**NEGLIGENT MISREPRESENTATION**

118.    AUSA incorporates by reference its responses to Paragraphs 1 through 117 of Plaintiff's Second Amended Complaint as though fully restated and set forth herein.

119.    AUSA denies the allegations in Paragraph 119 of Plaintiff's Second Amended Complaint, except that whether or not "reasonable care" was used calls for a legal conclusion that requires no response. To the extent a response is required, AUSA denies this allegation. AUSA denies all remaining allegations in Paragraph 119 of Plaintiff's Second Amended Complaint not expressly admitted herein.

120.    AUSA denies that it provided any information. Pleading further, AUSA admits that ACG made the specific representations alleged in Paragraph 103 that AUSA admits ACG made. AUSA denies this allegation with respect to all other representations alleged in Paragraph 103. AUSA denies all remaining allegations in Paragraph 120 of Plaintiff's Second Amended Complaint not expressly admitted herein.

121.    AUSA denies the allegations in Paragraph 121 of Plaintiff's Second Amended Complaint.

122.    AUSA denies the allegations in Paragraph 122 of Plaintiff's Second Amended Complaint.

123.    AUSA denies the allegations in Paragraph 123 of Plaintiff's Second Amended

Complaint.

124.    AUSA denies that it provided any information. Pleading further, AUSA admits the allegations in Paragraph 124 of Plaintiff's Second Amended Complaint only with respect to the representations alleged in Paragraph 103 that AUSA admits ACG made. AUSA denies the remaining allegations in Paragraph 124 of Plaintiff's Second Amended Complaint.

125.    AUSA cannot form a belief as to what is meant by the phrase "employment negotiations," and therefore, denies all allegations related to the same. Pleading further, AUSA denies all remaining allegations in Paragraph 125 of Plaintiff's Second Amended Complaint.

126.    AUSA denies the allegations in Paragraph 126 of Plaintiff's Second Amended Complaint.

127.    AUSA denies the allegations in Paragraph 127 of Plaintiff's Second Amended Complaint.

128.    AUSA denies the allegations in Paragraph 128 of Plaintiff's Second Amended Complaint.

129.    AUSA denies the allegations in Paragraph 129 of Plaintiff's Second Amended Complaint.

130.    AUSA denies the allegations in Paragraph 130 of Plaintiff's Second Amended Complaint.

## COUNT III:
## HUMAN TRAFFICKING
## (18 U.S.C. §§ 1589; 1595)

131.    AUSA incorporates by reference its responses to Paragraphs 1 through 130 of Plaintiff's Second Amended Complaint as though fully restated and set forth herein.

132.    AUSA states that 18 U.S.C. § 1589 speaks for itself, and AUSA denies any

characterizations or interpretations of that statute that are inconsistent therewith. Pleading

further, AUSA states that whether or not conduct is "unlawful" calls for a legal conclusion that

requires no response. To the extent a response is required, AUSA denies this allegation.

133.    AUSA states that 18 U.S.C. § 1595 speaks for itself, and AUSA denies any

characterizations or interpretations of that statute that are inconsistent therewith.

134.    AUSA cannot form a belief as to what is meant by the term "defendant," which is

not defined. To the extent "defendant" is meant to refer to AUSA or ACG, AUSA denies the

allegations in Paragraph 134 of Plaintiff's Second Amended Complaint.

135.    AUSA denies the allegations in Paragraph 135 of Plaintiff's Second Amended

Complaint.

136.    AUSA denies the allegations in Paragraph 136 of Plaintiff's Second Amended

Complaint.

137.    AUSA denies the allegations in Paragraph 137 of Plaintiff's Second Amended

Complaint.

138.    AUSA denies the allegations in Paragraph 138 of Plaintiff's Second Amended

Complaint.

139.    AUSA is without sufficient information to admit or deny the allegations in

Paragraph 139 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

140.    AUSA denies the allegations in Paragraph 140 of Plaintiff's Second Amended

Complaint.

141.    AUSA is without sufficient information to admit or deny the allegations in

Paragraph 141 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

142.    AUSA is without sufficient information to admit or deny what Plaintiff feared,

and therefore, denies the same.

143. AUSA is without sufficient information to admit or deny the allegations in Paragraph 143 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

144. AUSA cannot form a belief as to what is meant by the term "venture," and therefore, denies all allegations pertaining to the same. Pleading further, AUSA admits that neither it nor ACG were responsible for the operation of Aegis Global Academy, and admits that neither AUSA nor ACG obtained labor from Plaintiff. AUSA denies all remaining allegations in Paragraph 144 of Plaintiff's Second Amended Complaint not expressly admitted herein.

145. AUSA cannot form a belief as to what is meant by the term "venture," and therefore, denies all allegations pertaining to the same. Pleading further, AUSA admits the specific representations in Paragraph 103 of Plaintiff's Second Amended Complaint that AUSA admits ACG made. AUSA admits that ACG interviewed candidates, selected Plaintiff to participate in the program, and assisted Plaintiff in obtaining travel documents. AUSA denies all remaining allegations in Paragraph 145 of Plaintiff's Second Amended Complaint.

146. AUSA cannot form a belief as to what is meant by the term "venture," and therefore, denies all allegations pertaining to the same. Pleading further, AUSA is without sufficient information to admit or deny what Plaintiff believes, and therefore, denies the same. AUSA denies all remaining allegations in Paragraph 146 of Plaintiff's Second Amended Complaint.

147. AUSA denies the allegations in Paragraph 147 of Plaintiff's Second Amended Complaint.

148. AUSA denies the allegations in Paragraph 148 of Plaintiff's Second Amended Complaint.

**COUNT IV:**
**UNJUST ENRICHMENT**

149.     AUSA incorporates by reference its responses to Paragraphs 1 through 148 of Plaintiff's Second Amended Complaint as though fully restated and set forth herein.

150.     AUSA denies the allegations in Paragraph 150 of Plaintiff's Second Amended Complaint.

151.     AUSA denies the allegations in Paragraph 151 of Plaintiff's Second Amended Complaint.

152.     AUSA is without sufficient information to admit or deny the allegations in Paragraph 152 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

153.     AUSA denies that Plaintiff provided any services for it or for ACG. Pleading further, AUSA denies all remaining allegations in Paragraph 153 of Plaintiff's Second Amended Complaint not expressly admitted herein.

154.     AUSA denies that it made any representations. Pleading further, AUSA is without sufficient information to admit or deny the allegations in Paragraph 154 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

155.     AUSA denies the allegations in Paragraph 155 of Plaintiff's Second Amended Complaint.

156.     AUSA denies that either it or ACG received or retained any "benefit." Pleading further, AUSA denies that it made any representations, and denies that ACG made any misrepresentations. AUSA states that whether or not retention of an alleged benefit would be unjust calls for a legal conclusion to which no response is required. To the extent a response is required, AUSA denies those allegations. AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 156, and therefore, denies the same. AUSA denies

22

all allegations in Paragraph 156 of Plaintiff's Second Amended Complaint not expressly admitted herein.

157.    AUSA denies that either it or ACG received or retained any "benefit." Pleading further, whether or not retention of an alleged benefit would be unjust calls for a legal conclusion to which no response is required. To the extent a response is required, AUSA denies those allegations. AUSA is without sufficient information to admit or deny the remaining allegations in Paragraph 127 of Plaintiff's Second Amended Complaint, and therefore, denies the same. AUSA denies all allegations in Paragraph 157 of Plaintiff's Second Amended Complaint not expressly admitted herein.

158.    AUSA is without sufficient information to admit or deny the allegations in Paragraph 158, and therefore, denies the same, except that AUSA denies any alleged "misconduct." AUSA denies all remaining allegations in Paragraph 158 of Plaintiff's Second Amended Complaint not expressly admitted herein.

159.    AUSA denies the allegations in Paragraph 159 of Plaintiff's Second Amended Complaint.

<u>COUNT V:</u>
**BREACH OF CONTRACT**

160.    AUSA incorporates by reference its responses to Paragraphs 1 through 159 of Plaintiff's Second Amended Complaint as though fully restated and set forth herein.

161.    AUSA denies the allegations in Paragraph 161 of Plaintiff's Second Amended Complaint.

162.    AUSA denies the allegations in Paragraph 162 of Plaintiff's Second Amended Complaint.

163.    AUSA is without sufficient information to admit or deny the allegations in

Paragraph 163 of Plaintiff's Second Amended Complaint, and therefore, denies the same.

164.    AUSA denies the allegations in Paragraph 164 of Plaintiff's Second Amended Complaint.

165.    AUSA denies the allegations in Paragraph 165 of Plaintiff's Second Amended Complaint.

166.    AUSA denies the allegations in Paragraph 166 of Plaintiff's Second Amended Complaint.

167.    AUSA denies the allegations in Paragraph 167 of Plaintiff's Second Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving its denial of liability, AUSA alleges the following affirmative and other defenses:

1.    Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted. For example, Plaintiff cannot maintain causes of action under Missouri law for events that transpired entirely while Plaintiff was in Texas and/or India, to which Missouri law does not apply.

2.    Plaintiff's claims fail, in whole or in part, because the U.S. District Court for the Western District of Missouri is the improper venue. Plaintiff cannot maintain causes of action under Missouri law for events that transpired entirely while Plaintiff was in Texas and/or India.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrine of *forum non conveniens*. Plaintiff cannot maintain causes of action under Missouri law for events that transpired entirely while Plaintiff was in Texas and/or India.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

5.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

6.      Counts I and II of Plaintiff's Second Amended Complaint fail, in whole or in part, because some or all of the alleged representations were true.

7.      Count II of Plaintiff's Second Amended Complaint fails, in whole or in part, because of Plaintiff's comparative fault and/or contributory negligence.

8.      Count V of Plaintiff's Second Amended Complaint is barred by the Statute of Frauds.

9.      Counts I-V of Plaintiff's Second Amended Complaint fail, in whole or in part, because AUSA did not employ Plaintiff during the time periods in question, does not and did not operate Aegis Global Academy, does not and did not do business in India, and was not responsible for any events or representations that transpired while Plaintiff was in India or before Plaintiff departed for India.

10.     Pleading hypothetically and in the alternative, Count III of Plaintiff's Second Amended Complaint fails, in whole or in part, because AUSA did not employ Plaintiff during the time periods in question, and thus did not knowingly obtain labor from Plaintiff nor knowingly benefit from participation in an alleged scheme to obtain Plaintiff's labor.

11.     Pleading hypothetically and in the alternative, Count IV of Plaintiff's Second Amended Complaint fails, in whole or in part, because Plaintiff performed work in India voluntarily and with full knowledge of the facts and circumstances of that work.

12.     Pleading hypothetically and in the alternative, Count IV of Plaintiff's Second Amended Complaint fails, in whole or in part, because any alleged benefit was conferred upon AUSA without its knowledge, request, or acceptance.

13.     Pleading hypothetically and in the alternative, Count IV of Plaintiff's Second Amended Complaint fails, in whole or in part, because no injustice resulted from AUSA's retention of any alleged benefit. Plaintiff was compensated in the form of wages, calling privileges, housing, food, education, among other forms of compensation. Plaintiff also received a $2,000 bonus and placement in ACG's supervisor training program upon re-employment by AUSA.

14.     Pleading hypothetically and in the alternative, Counts IV and V of Plaintiff's Second Amended Complaint fail, in whole or in part, because of the doctrines of waiver, estoppel, and laches. Plaintiff returned from India and became re-employed by ACG on or around June 25, 2012. Plaintiff accepted said re-employment, placement in ACG's supervisor training program, and a $2,000 bonus without complaint. Plaintiff accepted these benefits and remained silent for approximately 11 months, and only now complains of the issues alleged in her Second Amended Complaint.

15.     Pleading hypothetically and in the alternative, Counts IV and V of Plaintiff's Second Amended Complaint fail, in whole or in part, because of accord and satisfaction. Plaintiff accepted re-employment and a $2,000 bonus upon return from India in satisfaction of any alleged obligations owed by ACG or AUSA. Plaintiff accepted these benefits and remained silent for approximately 11 months, and only now complains of the issues alleged in her Second Amended Complaint.

ARMSTRONG TEASDALE LLP

By: */s/Jeremy M. Brenner*
      Robert A. Kaiser       #31410MO
      Jeremy M. Brenner    #63727MO
      7700 Forsyth Blvd., Suite 1800
      St. Louis, Missouri 63105
      314.621.5070
      314.621.5065 (facsimile)
      rkaiser@armstrongteasdale.com
      jbrenner@armstrongteasdale.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

        I hereby certify that on January 16, 2014, the foregoing was filed electronically with the Clerk of the Court and will be served by operation of the Court's electronic filing system upon the following:

Anne Schiavone
Matt O'Laughlin
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112

aschiavone@hslawllc.com
molaughlin@hslawllc.com

                                                  */s/ Jeremy M. Brenner*