UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MANDI J. FRIEND, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-5054-CV-SW-ODS |
| AEGIS COMMUNICATIONS GROUP, LLC, and AEGIS USA, INC., | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Aegis Communications Group, LLC ("ACG"), and Aegis USA, Inc. ("Aegis USA") (collectively "Defendants"), by and through counsel, and for their joint Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, state as follows:

1. Plaintiff Mandi Friend's ("Plaintiff") More Definite Second Amended Complaint includes claims for fraud, negligent misrepresentation, unjust enrichment, breach of contract, and forced labor.

2. As set forth more fully in Defendants' Suggestions in Support of this Motion, summary judgment in Defendants' favor on each of Plaintiff's five claims is warranted.

3. Specifically, summary judgment is proper on Counts I and II, fraud and negligent misrepresentation, because each of the eight representations cited by Plaintiff are statements regarding the future conduct of a third party, which are not actionable, and are also representations about future events that were made without knowledge of their falsity. Moreover, of the eight representations identified, Plaintiff clearly did not rely on six of them, and the remaining two representations were true.

4. Summary judgment is also warranted with respect to Plaintiff's forced labor claim, Count III. First, the Trafficking Victims Protection Act, upon which this claim is based, does not cover the conduct alleged by Plaintiff, namely trafficking an American from the United States for purposes of forced labor abroad. Rather, the statute prohibits trafficking of victims from abroad for purposes of forced labor in the United States. Furthermore, even if the statute did apply, Defendants did not obtain Plaintiff's forced labor. Plaintiff also cannot establish a threat of serious harm as required by the statute, nor can Plaintiff establish the requisite *scienter*, which is also required. Lastly, Plaintiff cannot establish that Defendants benefitted from her labor in any way.

5. Defendants are entitled to judgment as a matter of law on Count IV, unjust enrichment, because Plaintiff cannot establish that Defendants were enriched at Plaintiff's expense, and even if so, Plaintiff cannot establish the amount of any such enrichment, or that retention of any such benefit would be unjust. Furthermore, Plaintiff's unjust enrichment claim is belied by her breach of contract claim, in that where a contract exists it is the sole remedy for recovery. Finally, Plaintiff's Complaint itself makes clear that Plaintiff's claim sounds in contract, not in quasi-contract.

6. Lastly, summary judgment is appropriate on Plaintiff's breach of contract claim, Count V, because if a contract existed at all, Defendants were not a party to the contract. Moreover, a one year oral contract of employment, as specifically alleged by Plaintiff, is barred by the statute of frauds.

7. Defendants file herewith and incorporate herein their Suggestions in Support of this motion and Statement of Uncontroverted Material Facts.

WHEREFORE, Defendants Aegis Communications Group, LLC, and Aegis USA, Inc., pray for an order granting their Motion for Summary Judgment, dismissing Counts I-V of Plaintiff's More Definite Second Amended Complaint with prejudice, and for such other and further relief as the Court deems just and proper.

ARMSTRONG TEASDALE LLP

By: */s/ Jeremy M. Brenner*
Robert A. Kaiser      #31410MO
Jeremy M. Brenner      #63727MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
rkaiser@armstrongteasdale.com
jbrenner@armstrongteasdale.com
ATTORNEYS FOR DEFENDANT
AEGIS COMMUNICATIONS
GROUP, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2014, the foregoing was filed electronically with the Clerk of the Court and will be served by operation of the Court's electronic filing system upon the following:

Anne Schiavone
Matt O'Laughlin
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112

aschiavone@hslawllc.com
molaughlin@hslawllc.com

*/s/ Jeremy M. Brenner*